# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL O. CONWILL, IV and § | | |
| CLARE CONWILL § | | PLAINTIFFS |
| § | | |
| v. § | | CAUSE NO. 1:08CV1511 LG-JMR |
| § | | |
| MARSH & MCLENNAN COMPANIES, § | | |
| INC. and MARSH USA, INC. § | | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [146] for Summary Judgment filed by the Defendants, Marsh & McLennan Companies, Inc. and Marsh USA, Inc. (together, "Marsh"). The Plaintiffs have filed their response and Marsh has replied. After careful consideration of the submissions and the relevant law, it is the Court's opinion that the Conwills' claims are perempted by operation of Louisiana law. Accordingly, Marsh's Motion for Summary Judgment will be granted.

### FACTS AND PROCEDURAL HISTORY

In 2003, Daniel Conwill appointed Marsh to manage his insurance needs, including insurance on two homes on his property in Pass Christian, Mississippi. A year later, he switched most of his insurance business, with the exception of the flood policies on the Pass Christian homes, to another broker. Another year later, effective August 28, 2005, he moved his insurance business back to Marsh. One day later, the Pass Christian homes were heavily damaged by Hurricane Katrina. The afternoon of the storm, Conwill was informed via email that because he had no excess flood coverage on the properties, the maximum he could recover under the flood policies in place was $500,000.

The Conwills filed this lawsuit on August 28, 2008. They contend that Marsh's failure to procure excess flood coverage on the Pass Christian property constitutes negligence and a breach of their fiduciary duty. They also allege gross professional malpractice and make a claim of breach of contract for Marsh's failure to identify or inform them of the gap in flood coverage.

Marsh contends that the Conwills' suit is time-barred by a Louisiana peremption statute, LA REV. STAT. 9:5606. According to Marsh, although the property insured is in Mississippi, the Conwills are Louisiana residents, and the contacts between the Conwills and Marsh occurred in Louisiana. According to Marsh, the law of Louisiana, and its one-year peremption period, applies to the Conwills' suit.

The Conwills argue that they are residents of both Louisiana and Mississippi. They further argue that as their lawsuit involves property casualty insurance, the location of the real property insured is the most important factor in determining which state's law applies. According to the Conwill, the property is in Mississippi and Mississippi law should apply. The Conwills contend therefore, that under Mississippi Code § 15-1-49, they have three years within which to file their claims, making their lawsuit timely.

## DISCUSSION

As the parties concede, whether the Conwills have a viable cause of action is fundamentally a choice of law issue. Under the Mississippi three-year statute of limitations the case is timely. Under the Louisiana one-year peremption statute the case is time barred. In a diversity action, the Court applies state substantive law. *Abraham v. State Farm Mut. Auto. Ins. Co.*, 465 F.3d 609, 611 (5th Cir. 2006) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938)). In deciding which state's substantive law governs a dispute, the Court is to apply the

choice-of-law rules of the state in which the action was filed, in this case, Mississippi. *Abraham*, 465 F.3d at 611 (citations omitted).

**CHOICE OF LAW ANALYSIS**

Mississippi resolves choice of law issues in three steps: 1) determine whether the laws at issue are substantive or procedural; 2) if substantive, classify the issues as either tort, property, or contract; and 3) look to the relevant section of the Restatement (Second) of Conflict of Laws. *Hartford Underwriters Ins. Co. v. Foundation Health Servs., Inc.*, 524 F.3d 588, 593 (5th Cir. 2008). Mississippi applies its own law on procedural matters. *Allison v. ITE Imperial Corp.*, 928 F.2d 137, 144 (5th Cir. 1991).

    A.  <u>Substantive or Procedural Limitations Period Laws</u>:

The Mississippi Supreme Court has always considered statutes of limitations to be procedural. *Williams v. Taylor Mach., Inc.,* 529 So. 2d 606, 609 (Miss. 1988). Its own statute of limitation applicable to this case is clearly procedural. *See* MISS. CODE § 15-1-49. The Louisiana statue at issue, however, is not an ordinary statute of limitation.[1] Instead, it sets out

---

[1] The Louisiana statute reads as follows:

§ 5606. Actions for professional insurance agent liability

A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm

two periods of peremption, meaning that both the underlying cause of action and the legal right to bring that cause of action to court dissolve at the end of the specified periods. *Atlas Iron & Metal Co. v. Ashy*, 918 So. 2d 1205, 1209 (La. Ct. App. 2006). "[P]eremption destroys or extinguishes the right itself." *Ferguson v. Sugar*, 988 So. 2d 816, 825 (La. Ct. App. 2008) (citations omitted). Mississippi treats a foreign statute of limitation as substantive if it terminates the very cause of the action itself. *See Wayne v. Tenn. Valley Auth.*, 730 F.2d 392, 400-01 (5th Cir. 1984); *Crouch v. Gen. Elec. Co.*, 699 F. Supp. 585, 590-91 (S.D. Miss. 1988). Mississippi law therefore would treat La. Rev. Stat. 9:5606 as substantive law.

B.  Tort, Property, or Contract:

In their complaint, the Conwills bring tort claims of negligence, breach of fiduciary duty, breach of duty of loyalty, constructive fraud, and gross professional malpractice. In addition, they make a claim of breach of contract, alleging Marsh had contractually agreed to identify and inform them of gaps in coverage and assist them in purchasing policies to fill the gaps. Am. Compl. 13 (¶42). Thus the claims are in the nature of both tort and contract.

---

or under disability of any kind and including minors and interdicts.

C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

LA. REV. STAT. 9:5606.

C.  The Restatement Factors:

In choice-of-law questions, Mississippi has adopted "the most significant relationship test" set out in the Restatement (Second) of Conflicts of Law. *Church v. Massey*, 697 So. 2d 407, 410 (Miss. 1997); *McDaniel v. Ritter*, 556 So. 2d 303, 310 (Miss. 1989). The test provides:

(1)   The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2)   Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties,

(d) the place where the relationship, if any, between the parties is centered.

*Church*, 697 So. 2d at 410 (citing *McDaniel*, 556 So. 2d at 310). "These contacts are evaluated according to their relative importance with respect to the particular issue." *McDaniel* at 310.

The Conwills contend that they are dual residents of Louisiana and Mississippi. They characterize their New Orleans house as their "city/work and school residence" and the Pass Christian "compound" as their "country/beach residence" where they spend "numerous weekends and holidays." Ct. R. 164 p.2; 164-2 p.2. *See also* Ct. R. 146-10 p.36-37. The Conwill children attend school in New Orleans. *Id.* at 36. The family is "primarily in New Orleans." *Id*. Daniel Conwill's personal assistant similarly testified that the Conwills lived in New Orleans, and spent holidays and weekends in Mississippi. Ct. R. 146-12 p.30-31. Daniel holds a Louisiana drivers

license. He insured his automobiles, all of which were registered in Louisiana, through Marsh. Ct. R. 169-3; 164-24 p. 20-21. He testified that he had lived exclusively in New Orleans between 1986 and the day of Hurricane Katrina. Ct. R. 146-6 p. 88.

When a party is a person, citizenship is determined by where the party is domiciled. *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous."). Domicile is, however, more than where the party resides - it is the place a person calls home. Thus, when determining a party's domicile, a court looks to such factors as where the person resides, where he works, goes to school, pays his taxes, is registered to vote, the place of his drivers license, and location of family. *Quebe v. Ford Motor Co.*, 908 F. Supp. 446, 449 (W.D. Tex. 1995). The determination of domicile is a mixed question of law and fact. *Knapp v. State Farm Ins.*, 584 F. Supp. 905, 906 (E.D. La. 1984).

From the summary judgment evidence submitted, it is apparent that the Conwills are residents of Louisiana. New Orleans is the place where the family is located. They work and go to school there. The Conwills argue that their Louisiana residency does not preclude their claimed dual-residency with Mississippi, but beyond ownership of the Pass Christian, Mississippi property, they have shown no other indicia of Mississippi "residency." The only evidence offered by the Conwills tends to shows that they are Louisiana residents who own a vacation home in Mississippi.

Additionally, the evidence reveals that the relationship between Marsh and the Conwills was centered in New Orleans, Louisiana. Daniel Conwill assigned business communications with Marsh to his assistant who "officed" with him in New Orleans. Ct. R. 146-6 p. 83. The

Conwills have produced no evidence tending to show that the place where the relationship was formed was anywhere other than Conwill's place of business in New Orleans. The conduct causing the injury was Marsh's alleged failure to recommend or ensure that Conwill's Mississippi home had excess flood coverage. This injury occurred to Conwill in Louisiana - it did not occur to the Mississippi property. Also, contrary to the Conwill's argument, there is no insurance policy which should be interpreted according to Mississippi law. Plaintiffs complaint is that Marsh failed to procure one. If Marsh failed to do so in contravention of a contractual duty, that breach of contract occurred in Louisiana as well.

Taken together, and in the absence of evidence to the contrary, the contacts between the parties point to Louisiana having the stronger interest in the outcome of this suit. The Plaintiffs live in Louisiana and their ongoing relationship with Marsh was formed there. Mississippi has little interest at stake in this dispute between Louisiana residents and their Louisiana insurance broker. In the opinion of the Court, Louisiana law must be applied.

### APPLICATION OF THE LOUISIANA PEREMPTION STATUTE

As noted above, Louisiana allows one year for filing any type of claim against an insurance agent, broker or solicitor. LA. REV. STAT. 9:5606(A). The one year period begins to run when the act causing injury occurs, is discovered, or should have been discovered. *Perez v. Trahant*, 806 So. 2d 110, 114 (La. Ct. App. 2001) (examining identical language in 9:5605(A)). However, any cause of action ceases to exist three years after the act, regardless of when, or whether, it is discovered. 9:5606(A). Daniel Conwill was informed on August 29, 2005 that he did not have excess flood insurance and was therefore not covered for the majority of the water damage to his Pass Christian homes. Marsh's failure to recommend or procure excess flood

insurance coverage was known to him prior to and on that date. The Conwills' causes of action therefore accrued not later than August 29, 2005. *See Burk Prop. Inv., LLC. v. Alliance Ins. Agency Servs., Inc.*, 993 So. 2d 810, 814 (La. Ct. App. 2008) (peremptive period began when plaintiff knew or should have known that agent did not procure flood insurance).

The statute also provides that it does not apply to "cases of fraud." LA. REV. STAT. 9:5696(C). The Conwills argue for application of this fraud exception. They allege that Marsh "put their interests above their principals' and fail[ed] to disclose to the Conwills information and action which should have been disclosed, causing the Conwills, to suffer disadvantage constituting constructive fraud." Am. Compl. 11 (¶34). They contend that Marsh "intentionally delayed reviewing the Conwills' risks and making recommendations to the Conwills for the specific purpose of maximizing its commissions or benefitting itself." Ct. R. 164 p. 32.

The Conwills are referring to the internal discussion at Marsh about whether renewals of the Conwill policies would count as "new business" to the division handling Conwill's account under Marsh's guidelines. *See, e.g.*, Ct. R. 164-24 p.6-7; Ct. R. 174-3 p.49-50. The Marsh representatives sought and obtained an effective date on Conwill's Broker of Record letter of August 28, 2005, which would make the Conwills' policies, with the exception of the flood policies, "new business." "New business" counted toward a representative's periodic sales goals and therefore affected bonuses. The flood policies, having never left Marsh, could not be new business. *Id*. From this, the Court gathers that excess flood policies on the Mississippi homes would be "new business" anytime, as those policies had never been in existence. Thus, there would be no incentive for a Marsh representative to delay putting excess flood policies in place. In addition, although the Conwills argue that Marsh delayed making a recommendation to

purchase excess flood coverage, the Marsh representative's deposition cited in support indicates that it was too early in Marsh's process to make recommendations. The representative felt that the Conwills needed excess flood coverage, but "our process was to gather all the information we could from him, we were going to take the policies over by a Broker of Record, and then go through and see what he had and what he had covered and make recommendations based on that." Ct. R. 174-3 p.68. Although dated July 20, 2005, Conwill did not transmit the Broker of Record letter to Marsh until sometime later, perhaps as late as August 9, 2005. Ct. R. 164-24 p.12. Conwill agrees that his insurance business was "officially back under [Marsh's] control again" on August 28, 2005 - one day before Hurricane Katrina. Ct. R. 164 p.12.

Under Louisiana law, fraud is a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. *Shermohmad v. Ebrahimi*, 945 So. 2d 119, 121 (La. Ct. App. 2006) (citing La. C.C. art. 1953). Louisiana courts have had opportunities to consider whether allegations are sufficient to meet the definition of fraud for purposes of the fraud exception to the peremptive period. Allegations of false promises regarding vanishing premiums, made to persuade a plaintiff to purchase an insurance policy, were found sufficient to invoke the fraud exception. *Shermohmad*, 945 So. 2d at 122. Allegations of a fraudulent scheme to sell annuities under the guise of marketing estate planning services were also found to be sufficient. *Klien v. Amer. Life & Cas. Co.*, 858 So. 2d 527, 532 (La. Ct. App. 2003). In contrast, the Plaintiffs here are attempting to shape allegations of negligence into a fraud claim by reciting the definition of fraud. The actual factual allegations are that Marsh delayed a recommendation that the Conwills purchase excess flood insurance so that the Marsh representative's "new business" would be

maximized. These allegations do not rise to the level of concealment or fraud, nor does the summary judgement evidence support a claim of fraud. Accordingly, the Court finds that fraud exception to the peremption period in 9:5606 has no application to this case.

In order to avoid peremption, this lawsuit would have to be filed within one year of August 29, 2005. Because it was filed almost three years after August 29, 2005, the lawsuit is barred by application of LA. REV. STAT. 9:5606. Marsh is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [146] for Summary Judgment filed by the Defendants, Marsh & McLennan Companies, Inc. and Marsh USA, Inc., is **GRANTED**. The Plaintiffs' claims are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 11th day of June, 2010.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE